UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PIERRE FRANCOIS,**

    Plaintiff,

v.                                        Case No. 6:24-CV-414-ACC-DCI

**TNC (US) HOLDINGS, INC.,**

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT**

Defendant, TNC (US) HOLDINGS, INC. ("Defendant"), by and through undersigned counsel, and pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, respectfully moves this Court to dismiss Counts I, II and III of Plaintiff's Complaint or, in the alternative, require Plaintiff, PIERRE FRANCOIS ("Plaintiff") to file a More Definite Statement of the allegations giving rise to his claims that, and in support of its Motion states:

**I.**     **INTRODUCTION**

On or about December 20, 2023, Plaintiff filed a three-count Complaint in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. Defendant removed the action to this Court on February 28, 2024.

In Plaintiff's Complaint, Plaintiff's sole allegation under his "Facts In Support of a Claim" that goes beyond establishing that he was employed by Defendant is "[d]uring said employment the Plaintiff was forced to work in a hostile work environment, and succumb to discrimination, and harassment, at the hands of Defendants, clients, management, and staff." *See Plaintiff's Complaint at Para. 8*. Plaintiff inserts additional facts in the various counts in his Complaint, but they are similarly conclusory and do not provide sufficient factual detail for Defendant to respond.

Federal Rule of Civil Procedure 12(b)(6) was designed to prevent the pleading flaws contained in Plaintiff's Complaint, and Defendant cannot reasonably be expected to prepare a response, let alone a defense, to Plaintiff's incoherent Complaint.

II.   **MEMORANDUM OF LAW**

    **a. Legal Standard for Motion to Dismiss**

Under "Federal Rule of Civil Procedure Rule 12(b)(6), a motion to dismiss will be awarded if the plaintiff fails to state a claim in which relief can be granted." *Krzykwa v. Campbell Soup Co.*, 946 F. Supp. 2d 1370, 1372 (S.D. Fla. 2013); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that "a plaintiff's obligation to provide the grounds of [his] entitlement to relief requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and parentheticals omitted).

A complaint must state a plausible claim for relief and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Plaintiff is required to do more than provide simple "labels and conclusions." *Iqbal*, 556 U.S. at 678. Here, Plaintiff's factual content is so unclear that Defendant is unable to draw a reasonable inference that it is liable for the misconduct alleged.

In considering a motion to dismiss, the Eleventh Circuit has instructed courts to "adopt a two-pronged approach in applying these principles: (1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (citations omitted). Merely conclusory allegations provide no support for the sufficiency of a complaint. *See Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1253 (11th Cir. 2005) ("conclusory allegations, unwarranted

deductions of fact or legal conclusions masquerading as facts will not prevent dismissal.") Plaintiff's Complaint consists of legal conclusions and "the defendant-unlawfully-harmed-me accusations." *Iqbal*, 556 U.S. at 678. For instance, Plaintiff alleges that during his employment, he was "forced to work in a hostile work environment and succumb to discrimination, and harassment, at the hands of the Defendants, clients, management, and staff" (Compl. at Para. 8), yet fails to describe in what manner the work environment was hostile or how he was subjected to harassment. Plaintiff further claims that he was discriminated against because of his diagnosis of depression (Compl. at Paras. 23 – 24), yet again fails to explain how this discrimination occurred. Plaintiff finally claims that he was subjected to the display of confederate flags, unprovoked calls to the police, and racial epithets (Compl. at Para. 27) but fails to establish who committed these actions, or when such events occurred. Based on these flaws alone, Plaintiff's Complaint should be dismissed.

      Here, even under the Court's liberal pleadings rules, Plaintiff's claims do not pass judicial muster and fail to state a claim upon which relief can be granted. In the absence of factual allegations supporting each and every claim Plaintiff purports to bring against Defendant, it is impossible for Defendant to craft a response to his Complaint or ascertain its defenses against each of those claims. Accordingly, the Complaint should be dismissed in its entirety.

### b. Legal Standard for More Definite Statement.

Defendant has alternatively moved for a more definite statement in the event Plaintiff's claims are not dismissed. Federal Rule of Civil Procedure 12(e) provides that, if a pleading fails to specify the allegations so it provides sufficient notice, a defendant may move for a more definite statement before responding. *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002). Here, Plaintiff's Complaint is replete with conclusory allegations, and is so vague and ambiguous that it fails to provide sufficient notice to Defendant of the claims against it. As such, Defendant cannot reasonably be required to frame a responsive pleading or ascertain appropriate defenses. For the reasons more specifically stated below, should the Court deny Defendant's Motion to Dismiss, Plaintiff should, at the very least, be ordered to clarify the facts that support each purported claim against Defendant.

### c. Plaintiff's Complaint is a Shotgun Pleading.

Complaints that violate either Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure are often referred to as "shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Office,* 792 F.3d 1313, 1320 (11th Cir. 2015). Ultimately, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each

claim rests." *Id.* at 1323; *see Lampkin-Asam Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) ("A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'"). The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland*, 792 F.3d at 1321. Relevant here, "a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" constitutes the second of the four recognized types of shotgun pleadings. *Id.*

The Eleventh Circuit repeatedly condemns the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (internal quotation marks omitted). Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of pleading. When faced with a shotgun pleading, a court should strike the complaint and instruct the plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955,

984 (11th Cir. 2008) (collecting cases), abrogated on other grounds by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing to *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015); *Anderson v. District Bd. of Trustees of Cent. Florida Comm. College*, 77 F.3d 364, 366-367 (11th Cir. 1996) ("[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.")

Here, Plaintiff's Complaint as currently written falls squarely within the second type of an impermissible shotgun pleading, as the allegations sprinkled throughout the Complaint are vague, conclusory, and fail to identify with sufficient clarity the underlying facts upon which Plaintiff asserts his legal claims. Despite the hodgepodge of facts mentioned in the Complaint, Defendant has no delineation of what facts correspond to what count of the Complaint, jumping from assertions of discrimination based on the Plaintiff's medical diagnosis to allegations of a hostile work environment to assertions of racial

epithets used, all under Plaintiff's racial discrimination claim under the Florida Civil Rights Act. Plaintiff appears to invite the reader to decipher his legal theories from the bare-bones "Facts In Support of Claim" section of the Complaint to the sporadically interspersed facts throughout the remainder of the Complaint. These are not just technical pleading defects. They prevent Defendant (and the Court) from having clear notice of the legal and factual bases of Plaintiff's purported claims.

    Plaintiff's shotgun pleading is replete with "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Plaintiff claims he was "forced to work in a hostile work environment" (vague); was "succumbed to discrimination, and harassment, at the hands of Defendants, clients, management, and staff" (conclusory); claims, under his Florida Civil Rights Act claim based on race discrimination that he was "discriminated against because of his diagnosis" (conclusory); and that he was subjected to "displays of confederate flags, unprovoked calls to the police, and the frequent use of calling employees, including the Plaintiff" racial epithets – yet fails to identify who perpetrated such acts (therefore both vague and conclusory). Plaintiff also claims someone made a comment about the color of Plaintiff's skin, and made other vague allegations about how his manager "gaffed off" complaints about "racial discrimination" by another employee, without any

additional information to identify what employee made a complaint or when these acts occurred.  Plaintiff then claims he suffered an adverse employment action because he was "forced to resign from his employer under threats of violence" but fails to identify what threats of violence he was exposed to – or when these events occurred. In fact, the only date in Plaintiff's Complaint is his date of hire with Defendant on October 17, 2016, leaving Defendant to guess as to when the remaining allegations in Plaintiff's Complaint were purported to have occurred. Based on these allegations alone, which form the sole factual basis for Plaintiff's Complaint, this Complaint falls squarely with the Eleventh Circuit's repeated condemnation of "shotgun" pleadings.

The federal courts have routinely condemned such "shotgun" practice because it impairs the ability of both litigants and the court to efficiently and effectively conduct litigation.  Indeed, this Court has routinely dismissed complaints with "shotgun" pleadings because such complaints "fail[] to adequately link a cause of action to its factual predicates…." *Woelfel v. Life Partners, Inc.*, 2014 WL 7238196, at *1 (S.D. Fla. Dec. 17, 2014) (sua sponte); *see also Karhu v. Vital Pharm, Inc.*, 2013 WL 4047016, *3 (S.D. Fla. Aug. 9, 2013) ("The complaint did 'not plead the specific factual predicate for each claim, or link particular facts to the individual causes of actions.'"); *Jovine v. Abbott Labs, Inc.*, 795 F. Supp. 2d 1331, 1337 (S.D. Fla. 2011) (dismissing complaint); *Gould*

*v. Fla. Atlantic University Board of Trustees*, 2011 WL 13227893, at *2 (S.D. Fla. June 14, 2011) (granting defendant's motion for more definite statement and ordering plaintiff to "replead her claim with such clarity and precision that Defendant and the court will be able to discern what the Plaintiff is claiming and such that Defendant will be able to frame a responsive pleading.")

In the instant case, if Defendant is required to respond to Plaintiff's Complaint as currently written, Defendant will be severely prejudiced, and it renders the task of determining which factual allegations support which purported claim virtually impossible. For these reasons, Plaintiff's Complaint should be dismissed its entirety or, in the alternative, should the Court deny Defendant's Motion to Dismiss, Plaintiff should be required to plead specific facts that support each particular count.

### III.  CONCLUSION

Plaintiff in this case failed to state any claim upon which relief may be granted. Accordingly, Defendant respectfully requests this Court enter an Order dismissing Plaintiff's Complaint in its entirety. Alternatively, should the Court deny this Motion to Dismiss, at a minimum, Plaintiff should be required to significantly supplement the Complaint to clearly outline each and every claim against Defendant with more definitive statement of facts for each of the alleged

claims. Plaintiff's Complaint as it is currently written is so vague and ambiguous that Defendant cannot reasonably prepare a response.

WHEREFORE, Defendant respectfully requests this Court enter an Order as described above.

Dated: March 06, 2024          Respectfully submitted,

/s/ *Ashley N. Donnell*
Lara J. Peppard, Esq.
FL Bar No. 520055
lara.peppard@ogletree.com
Ashley N. Donnell, Esq.
FL Bar No. 100535
ashley.donnell@ogletree.com
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
100 North Tampa Street
Suite 3600
Tampa, FL 33602
Telephone: 813.221.7239
Facsimile: 813.289.6530
Secondary:
TAMdocketing@ogletree.com
denise.banach@ogletree.com
elba.chinea@ogletree.com

*Attorneys for Defendant TNC (US) HOLDINGS, INC.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 06, 2024, a true and correct copy of the foregoing has been filed with the Clerk of Court via the Florida e-filing system, which will serve a copy of this document electronically to:

KA'JUEL J. WASHINGTON, ESQ.
THE WASHINGTON TRIAL GROUP, PLLC
37 N. Orange Ave., Suite 500
Orlando, Florida 32801
Telephone:  407.606.5715
Facsimile:  407.236.0430
Attorney(s) for Plaintiff

*/s/ Ashley N. Donnell*
Attorney