# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PIERRE FRANCOIS,**
                    **Plaintiff,**

**v.**                                                    **Case No. 6:24-cv-414-ACC-DCI**

**TNC (US) HOLDINGS, INC.,**
                    **Defendant.**

_____

## ORDER

This cause comes before the Court on review of Defendant TNC (US) Holdings, Inc.'s Response (Doc. 16) to the Court's March 20, 2024 Order to show cause why the case should not be remanded to state court or transferred to the Ocala Division. (Doc. 11).

On December 20, 2023, Plaintiff Pierre Francois filed a Complaint against his former employer in the Ninth Judicial Circuit, in and for Orange County, Florida. (Doc. 1-1 at 1). Plaintiff, a field representative for Defendant, asserted exclusively state law claims for violation of the Florida Civil Rights Act for a racially hostile environment and for negligence and vicarious liability. (*Id.*). On February 28, 2024, Defendant removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, contending that the parties were diverse and the amount in controversy exceeded $75,000 based on Plaintiff's projected back pay, front pay, attorney's fees, and compensatory damages. (Doc. 1).

Defendant did not specifically address venue in the Notice of Removal, other than to say that the case was originally filed in Orange County Circuit Court. (Doc. 1). Plaintiff's counsel erroneously alleged in the Complaint that Plaintiff "resided in Orange County" and that Defendant "conducted business" in Orange County. (Doc. 1-1 ¶¶ 1-3). However, neither statement is accurate and Plaintiff's erroneous allegations cannot serve as the basis for Defendant's venue assertions in the Response. *See* Doc. 16 at 9 ("Plaintiff's Complaint alleges first that Plaintiff, 'at all times relevant,' resided in Orange County, Florida . . . [and] that the Defendant, its business operations, and Plaintiff's employment duties were all situated in Orange County.")[1]

Plaintiff's 2019 to 2022 W-2s from Defendant listed his residential address as Sorrento, Florida, which is in Lake County, not Orange County. (Doc. 1-5 ¶ 7). Defendant does not have business operations in Orange County. The Notice of Removal alleged that Defendant is a New York corporation with its principal place of business in New York. (*Id*. ¶¶ 9-10). Defendant's records with the Secretary of State also list its business address as New York, New York.[2] To the extent Defendant conducts "business operations" in Florida, it does so from its office in

---

[1] The Court rejects Defendant's assertions that venue in Orlando would be more convenient for Plaintiff's *counsel* who made erroneous assertions about where Plaintiff resides and Defendant operates in Florida. *See* Doc. 16 at 9 ("Plaintiff's attorney is located in Orange County").

[2] *See* https://search.sunbiz.org/Inquiry/CorporationSearch (search for TNC (US) Holdings, Inc.; visited on April 17, 2024).

Oldsmar, Florida, where Plaintiff's hiring Field Manager is located and was the corporation's address used for the FCHR charge. (Doc. 1-5 at 6, 17). Oldsmar is located in Pinellas County, not Orange County.

Because attachments to the Notice of Removal indicated that Plaintiff resided in Sorrento, Lake County, and Defendant is a non-resident corporation without any business operations in Orange County, the Court required Defendant to show cause why the case should not be transferred to the Ocala Division. (Doc. 11). On April 3, 2024, Defendant filed its Response to the Order to Show Cause. (Doc. 16). Defendant provided additional public records—Plaintiff's voter registration[3]— which confirms that he is registered at the Sorrento, Lake County, address. (Doc. 16-1 at 3, 5).

The division of the United States District Court for the Middle District of Florida which encompasses Lake County is the Ocala Division. *See* M.D. Fla. L. R. 1.04(a). The Local Rules require:

> (b) DIVISION FOR A CIVIL ACTION. A party must begin an action
> in the division to which the action is most directly connected or in
> which the action is most conveniently advanced. The judge must

---

[3] "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction," in this case, Defendant. *See Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975) (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)). This Court does not resolve whether the amount in controversy requirement for federal diversity jurisdiction is satisfied because, according to Defendant, there are "multiple cases in the Middle District where the courts [have] held that back pay calculations could run through the date of trial." (Doc. 16 at 3)(citing *Pope v. 20/20 Commc'ns, Inc.*, No. 8:15-CV-1774-T-30JSS at *2 (M.D. Fla. Sept. 2, 2015)); *see Hallmeyer v. Gateway Clippers LLC*, No. 8:12–cv–2876–T–30TBM, 2013 WL 268643, at *2 (M.D. Fla. Jan. 24, 2013) (holding that back-pay damages may be calculated through the proposed date of trial). The amount in controversy issue will be resolved by the transferee court.

transfer the action to the division most consistent with the purpose of this rule.

*See* M.D. Fla. L. R. 1.04(b). The division which is "most directly connected" to the venue in this case is the Ocala Division which encompasses Lake County. Therefore, this case will be transferred to the Ocala Division.

Based on the foregoing, it is **ORDERED** as follows:

1. The Clerk is **DIRECTED** to transfer this case to the Ocala Division, and thereafter, close the file.

   **DONE** and **ORDERED** in Chambers, in Orlando, Florida on April 18, 2024.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record